UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEISHA HUNT, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, M. H.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-0457** |
| **MCNEIL CONSUMER HEALTHCARE, ET AL.** | **SECTION: "H" (4)** |

## ORDER

Before the Court is **Defendants' Motion to Compel Further Responses to Request for Admission, or to Determine the Responses Insufficient and Deem Them Admitted (R. Doc. 78)**, filed by Defendants McNeil Consumer Healthcare Division of McNeil-PPC, Inc. and Johnson and Johnson (collectively "Defendants"), seeking an order from this Court requiring Plaintiff Keisha Hunt, individually and on behalf of her minor child, M.H. ("Hunt"), to supplement her responses to their requests for admission. Alternatively, Defendants seek an order from this Court determining Hunt's responses insufficient and deeming the requests admitted. The motion is unopposed. The motion was heard on the briefs on May 2, 2012.

Also before the Court is a **Motion to Quash; Alternatively Motion for Leave to File Response and Response to Motion to Compel (R. Doc. 83)**, filed by Hunt, seeking an order from this Court denying Defendants' motion to compel. Alternatively, Hunt seeks leave to file a response to Defendants' motion to compel. Defendants oppose the motion. (R. Doc. 83-9.) The motion was heard on the briefs on May 16, 2012.

I.      **Factual and Procedural Background**

This product liability lawsuit was filed by Hunt after M.H. developed Stevens-Johnson Syndrome ("SJS") and/or Toxic Epidermal Necrolysis Syndrome ("TENS") after ingesting the drug Motrin.  Hunt's complaint alleges that shortly after taking Motrin, M.H. developed a severe rash, was taken to the emergency room, admitted into the hospital, and later diagnosed with SJS and/or TENS.  (R. Doc. 1, ¶¶ 16-17.)  Hunt was later informed that M.H.'s SJS and/or TENS could have been caused by Motrin.  (R. Doc. 1, ¶ 19.)  Hunt alleges that M.H.'s SJS and/or TENS caused M.H. to suffer severe and permanent injuries.  (R. Doc. 1, ¶ 22.)

Hunt's complaint alleges that Defendants defectively designed Motrin, and failed to warn consumers of the dangers of the drug, resulting in permanent injuries to M.H.  (R. Doc. 1, ¶¶ 22, 35.) She seeks $75,000.00 in damages for past and future medical expenses, pain and suffering, mental anguish, physical disfigurement and impairment, costs, and interest.  (R. Doc. 1, ¶ 50.)

At issue are Hunt's responses to Request for Admissions Numbers 1, 2, and 3, propounded by Defendants to Hunt on December 13, 2011.  (R. Doc. 78-3, p. 3.)  The requests for admission are related to a lawsuit Hunt allegedly filed against Defendant Johnson and Johnson in Illinois state court.

Request for Admission Number 1 states:

Admit that Plaintiffs filed suit as plaintiffs in the matter of *Wilson, et al. v. Johnson & Johnson, et al.*, Case No. 10-L-668.  In the Circuit Court Twentieth Judicial Circuit, St. Clair County, Illinois.

(R. Doc. 78-3, p. 2.)

Request for Admission Number 2 states:

Admit that in the matter of *Wilson, et al. v. Johnson & Johnson, et al.*, Case No. 10-L-668.  In the Circuit Court Twentieth Judicial Circuit, St. Clair County, Illinois,

Plaintiffs allege Mya Hunt ingested Tylenol for fever.

(R. Doc. 78-3, p. 2.)

Request for Admission Number 3 states:

Admit that in the matter of *Wilson, et al. v. Johnson & Johnson, et al.*, Case No. 10-L-668. In the Circuit Court Twentieth Judicial Circuit, St. Clair County, Illinois, Plaintiffs allege Mya Hunt experienced Stevens-Johnson Syndrome, Toxic Epidermal Necrolysis, or Erythema Multiforme secondary to her use of Tylenol for fever.

(R. Doc. 78-3, p. 3.)

On January 20, 2012, Hunt filed her responses to the requests for admission. (R. Doc. 78-4, p. 3.)

In response to all three (3) requests for admission, Hunt stated:

Objection. Plaintiff objects to this Request for Admission under the Federal Rules of Civil Procedure, as the question is not relevant and is moot. Subject to the objection, Plaintiffs state she has no claims pending in the matter of *Wilson, et al. v. Johnson & Johnson, et al.*, Case No. 10-L-668. Plaintiffs qualify her answer to this admission and state on December 8, 2011, the Circuit Court Twentieth Circuit, St. Clair County, Illinois, issued an Order dismissing claims from the matter of *Wilson, et al. v. Johnson & Johnson, et al.*, Case No. 10-L-668. Said Order is attached and incorporated as Exhibit 1.

(R. Doc. 78-4.)

On April 16, 2012, Defendants filed the instant motion to compel. Defendants' motion indicates that, pursuant to Federal Rule of Civil Procedure ("Rule") 37, both parties attempted to resolve the instant discovery dispute through multiple correspondence. (R. Doc. 78-5; 78-6; 78-7; 78-8.) However, Defendants argue that Hunt's objections to Defendants' request for admissions are unjustified because the requests are relevant. Thus, Defendants argue the Court should require Hunt to amend her responses, or determine Hunt's responses insufficient and deem the requests admitted.

Rather than filling a memorandum in opposition, Hunt filed the instant motion to quash or

3

for leave on April 25, 2012. Without addressing whether this was the proper procedural mechanism, the Court will consider Hunt's arguments. Hunt contends her supplemental responses cure any deficiencies in her original responses and therefore, Defendants' motion to compel is now moot. In the alternative, Hunt requests leave to file an attached untimely opposition to Defendants' motion to compel.

Attached to Hunt's motion to quash are the supplemental responses Hunt purportedly supplied to Defendants on April 17, 2012. (R. Doc. 83-3, p. 4.)

Hunt's Supplemental Response to Request for Admission Number 1 states:

> Subject to the foregoing objections, Plaintiff admits that she is named in that document as a Plaintiff, but denies that she authorized the filing of suit in the matter of *Wilson, et al. v. Johnson & Johnson, et al.*, Case No. 10-L-668, therefore, Plaintiff denies the balance of the Request for Admission No. 1.

(R. Doc. 83-3, p. 2.) Hunt's Supplemental Response to Request for Admission Number 2 states:

> Subject to the foregoing objections, Plaintiff admits that the complaint in this case states at paragraph 55 that "[b]eginning on or about February 5, 2010, the minor child, MYA HUNT injested Tylenol for fever", but further states that Plaintiff did not participate in nor did she authorize the filing of the Complaint in the matter of *Wilson, et al. v. Johnson & Johnson, et al.*, Case No. 10-L-668, and, therefore, denies the balance of Request for Admission no. 2.

(R. Doc. 83-3, p. 3.) Hunt's Supplemental Response to Request for Admission Number 3 states:

> Subject to the foregoing Plaintiff admits that the complaint in this case states at paragraph 55 that "[. . .] Subsequently MYA HUNT began to experience rashing and other symptoms, and presented to the emergency room for medical treatment. Subsequently, she was transferred to Baton Rouge General Hospital in Baton Rouge, Louisiana, where Plaintiff's treating physician advised that Plaintiff was suffering from a cutaneous disorder including, but not limited to, Stevens Johnson Syndrome, Toxic Epidermal Necrolysis, or Erythema Multiforme secondary to the use of Defendants drug", but Plaintiff further states that Plaintiff did not participate in nor did she authorize the filing of the Complaint in the matter of *Wilson, et al. v. Johnson & Johnson, et al.*, Case No. 10-L-668, and, therefore, denies the balance of Request for Admission no. 3.

(R. Doc. 83-3, p. 3.)

On April 27, 2012, Defendants filed an opposition to Hunt's motion, to quash or for leave which they argue is actually a disguised untimely opposition. ((R. Doc.. 85.) Defendants further argue that Hunt failed to provide support for her assertion that their motion is moot, nor did she provide an adequate explanation for her untimely opposition. Defendants also contend that Hunt's supplemental responses do not change the issue before the Court, namely whether Defendants are entitled to an unqualified admission or denial of three (3) straightforward requests for admission.

## II.     Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando,* 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs

its likely benefit. Fed.R.Civ.P. 26(b)(2)(c). In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2)(C)(iii).

> Rule 36 provides:
>
> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

Fed.R.Civ.P. 36(a)(4). Under Rule 36, the grounds for objecting to a request must be stated. Fed.R.Civ.P. 36(a)(5). Additionally, "[a] party must not object solely on the ground that it presents a genuine issue for trial." *Id*.

Rule 36 further permits a party to file a motion with the court to determine the sufficiency of an answer or objection. Fed.R.Civ.P. 36(a)(6). Unless the Court finds a party's objections justified, it must order that the party respond to the requests for admissions. *Id*. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. *Id*.

### III.   Analysis

####    A.   Hunt's Alternative Motion for Leave (R. Doc. 83) and Untimely Memorandum in Opposition (R. Doc. 83-9)

Hunt requests that this Court grant her leave to file an attached untimely opposition in her April 25, 2012, motion to quash or for leave. In support of her alternative request for leave, Hunt contends that she believed her supplemental responses cured any deficiencies in her original responses. Hunt further argues that she did not discover the Defendants intended to keep their motion on the calendar, until April 18, 2012 - six (6) days before her opposition was due. (R. Doc.

83, p. 3; R. Doc. 83-4, p. 1.)  Additionally, Hunt filed her attached untimely memoranda in opposition on April 27, 2012 - three (3) days after the deadline[1].  (R. Doc. 83-9.)

In opposition to Hunt's alternative request for leave, Defendants generally argue that Hunt has failed to provide the Court with an adequate explanation for her failure to timely file an opposition.

In considering the issue, the Court finds that Hunt has failed to provide an adequate explanation for her failure to timely oppose the Defendants' motion, nor did she provide a reason why leave should be granted now.  Thus, Hunt's request for leave is denied.  Furthermore, because Hunt's attached memorandum in opposition is untimely, it will not be considered by the Court.

### B.    Hunt's Motion to Quash

Rather than file a memorandum in opposition, Hunt filed a "motion to quash" on April 25, 2012, to request that this Court quash Defendants' motion to compel[2].  Hunt argues that Defendants' motion is moot because her supplemental responses cured any deficiencies in her original responses.  Hunt contends that Defendants should have filed a new motion addressing the deficiencies of Hunt's supplemental response.  Hunt goes on to argue that her supplemental responses are sufficient and in good faith.

In opposition to Hunt's request to quash Defendants' motion to compel, Defendants argue that Hunt's motion to quash is actually a disguised untimely opposition and that she provides no support for her assertion that the Defendants' motion is moot.  Defendants contend that Hunt's

---

[1] Local Rule 7.5 requires any party opposing a motion to "file and serve a memorandum in opposition to the motion . . . no later than eight days before the noticed submission date." L.R. 7.5.  Here, Defendants' motion to compel was noticed for submission on May 2, 2012. (R. Doc. 78-2.)  Thus, any memoranda in opposition were due no later than April 24, 2012.

[2] Without addressing whether this was the proper procedural mechanism, the Court will consider Hunt's arguments.

supplemental responses are inadequate because she fails to specifically admit or deny three (3) simple and straightforward requests. They further argue that under Hunt's theory, "a party could prevent a court from ever resolving a discovery dispute by . . . simply re-casting objections in supplemental responses ad nauseum without ever addressing the fundamental deficiencies in the responses." (R. Doc. 85, p. 2.)

Here, it appears that Hunt is attempting to file an untimely opposition to Defendants' motion to compel by simply re-characterizing it as a "motion to quash." Hunt devotes much of her memorandum in support to attempting to convince the Court that her responses are sufficient, however, these arguments should have been raised in a timely opposition to the Defendants' motion. Furthermore, Hunt fails to provide an adequate explanation of why she believes the Defendants must file a new motion to compel, or why the motion is somehow moot, since her supplemental responses to the requests for admission were submitted after the deadline set by Rule 36. Thus, the Court denies Hunt's request to quash Defendants' motion to compel.

### C. Defendant's Motion to Compel

In support of their motion to compel, Defendants contend that Hunt's original responses to Requests for Admissions 1, 2, and 3 are inadequate because they do not contain specific admissions, denials, or reasons why Hunt cannot truthfully admit or deny these requests. Defendants further argue that Hunt's objections are unjustified because the requests for admission are directly relevant to their defense. Defendants contend that the requests at issue seek admissions regarding whether Hunt filed a previous lawsuit making very different claims about the cause of the injuries at issue in the instant lawsuit. Thus, the Court should require Hunt to amend her responses. Alternatively, Defendants request the Court determine Hunt's responses insufficient and deem the requests admitted.

Rule 36 provides that a party must specifically admit, deny, or state in detail why the answering party cannot truthfully admit or deny, the requests for admission. Fed.R.Civ.P. 36(a)(4). When good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. *Id*. If a party objects to a request, the grounds for objecting must be stated. Fed.R.Civ.P. 36(a)(5). Unless the Court finds a party's objections justified, it must order that the party respond to the requests for admissions. Fed.R.Civ.P. 36(a)(6).

In her original response, Hunt failed to specifically admit, deny, or state in detail why she could not truthfully admit or deny. Although Hunt initially objected to the requests on the basis of relevance, these objections are unjustified.

Furthermore, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at trial if it appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.

In the instant matter, Defendants' requests seek information regarding a prior lawsuit Hunt allegedly filed against Defendant Johnson and Johnson, involving SJS and TENS. Thus, the Court concludes the requests are reasonably calculated to lead to the discovery of relevant evidence and are relevant to the Defendants' defense. Therefore, Hunt's original objections in Defendants' request for admission are overruled and Hunt is required to provide supplemental responses no later than seven (7) days of the signing of this order[3].

---

[3]Because the supplemental responses attached to Hunt's motion to quash are not at issue in the instant matter, the Court will not consider whether those responses are sufficient.

**IV.     Conclusion**

Accordingly,

**IT IS ORDERED** that **Defendants' Motion to Compel Further Responses to Request for Admission, or to Determine the Responses Insufficient and Deem them Admitted (R. Doc. 78)** is **GRANTED.**  Hunt shall provide supplemental Request for Admissions 1, 2, and 3 **no later than seven (7) days from the date of this order**.

**IT IS FURTHER ORDERED** that Hunt's **Motion to Quash; Alternatively Motion for Leave to File Response and Response to Motion to Compel (R. Doc. 83)** is **DENIED**.

New Orleans, Louisiana, this 11th day of July 2012.

**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**