# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEISHA HUNT, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, M. H.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-0457** |
| **MCNEIL CONSUMER HEALTHCARE, ET AL.** | **SECTION: "H" (4)** |

## ORDER

Before the Court is Defendants, McNeil Consumer Healthcare Division of McNEIL-PPC, Inc. ("McNeil") and Johnson & Johnson's, ("J&J") (collectively, "Defendants") **Defendants' Second Motion to Compel Proper Responses to First Set of Requests for Admission (R. Doc. 137)**. This motion seeks an order requiring Plaintiff, Keshia Hunt, ("Hunt") to provide proper responses to Defendants' First Set of Requests for Admission. The motion is opposed. (R. Doc. 142).[1] The motion was set for oral argument on August 29, 2012, continued until September 5, 2012.

## I. Background

This product liability lawsuit was filed by Hunt, who alleged that her minor child, M.H. developed Stevens-Johnson Syndrome ("SJS") and/or Toxic Epidermal Necrolysis ("TEN") after ingesting the drug Motrin. Hunt's complaint alleges that shortly after taking Motrin, M.H. developed a severe rash, was taken to the emergency room, admitted into the hospital, and diagnosed with SJS and/or TEN. (R. Doc. 1, ¶¶ 16-17). Hunt was informed that M.H.'s SJS and/or TEN could have been caused by Motrin on the day M.H. was discharged from the hospital. (R. Doc. 1, ¶ 19).

Hunt alleges that Defendants defectively designed Motrin, and failed to warn consumers of the

---

[1] Defendants subsequently filed a response Memorandum (R. Doc. 150). Hunt then filed a motion for leave to file a sur-reply to R. Doc. 150 (R. Doc. 152), and then filed a motion to expedite consideration of her leave to file a sur-reply (R. Doc. 153). Defendants subsequently moved to withdraw R. Doc. 150 (R. Doc. 155), which the Court granted. (R. Doc. 159). On the same day, the Court also denied as moot R. Doc. 152 (R. Doc. 158). Defendants were also given leave to file a Post-Hearing Memorandum (R. Doc. 164). For reasons stated below, the evidence submitted in connection with R. Doc. 164 will not be considered in the instant Order.

dangers of the drug, resulting in permanent injuries to M.H. (R. Doc. 1, ¶¶ 22, 35). Hunt seeks damages for past and future medical expenses, pain and suffering, mental anguish, physical disfigurement and impairment, costs, and interest. (R. Doc. 1, ¶ 50).

Prior to filing the instant suit, Hunt's name appeared on a filing in the Twentieth Judicial Circuit, St. Clair County, Illinois, entitled *Wilson et al. v. Johnson & Johnson, et al.*, No. 10-L-668. (R. Doc. 142-4, p. 2). This filing stated that "[b]eginning on or about February 5, 2010, the minor child, [M.H.], ingested Tylenol for fever." *Id.* at 13. The *Wilson* Complaint went on to allege that "Plaintiff's treating physician advised that Plaintiff was suffering from a cutaneous disorder including, but not limited to, Stevens Johnson Syndrome, Toxic Epidermal Necrolysis, or Erythema Multiforme secondary to the use of Defendants drug." *Id.* The *Wilson* Complaint went on to allege that M.H. suffered from SJS/TEN, and the cause of M.H.'s injuries were the defective design, inadequate testing, and failure to warn. *Id.* On December 2, 2011, Hunt moved to voluntarily dismiss her individual claims in the *Wilson* case without prejudice. (R. Doc. 142-6, p. 2).

On December 13, 2011, Defendants propounded Requests for Admission upon Hunt in the instant suit. These requests stated:

> REQUEST FOR ADMISSION NO. 1
> Admit that Plaintiffs filed suit as plaintiffs in the matter of *Wilson, et al. v. Johnson & Johnson, et al.*, Case No. 10-L-668, In the Circuit Court Twentieth Circuit, St. Clair County, Illinois.
>
> REQUEST FOR ADMISSION NO. 2
> Admit that in the matter of *Wilson, et al. v. Johnson & Johnson, et al.*, Case No. 10-L-668, In the Circuit Court Twentieth Circuit, St. Clair County, Illinois, Plaintiffs allege [M.H.] ingested Tylenol for fever.
>
> REQUEST FOR ADMISSION NO. 3
> Admit that in the matter of *Wilson, et al. v. Johnson & Johnson, et al.*, Case No. 10-L-668, In the Circuit Court Twentieth Circuit, St. Clair County, Illinois, Plaintiffs allege [M.H.] experiences Stevens-Johnson Syndrome, Toxic Epidermal Necrolysis, or Erythema Multiforme secondary to her use of Tylenol for fever.

(R. Doc. 78-3, pp. 2-3). On January 20, 2012, Hunt responded to three requests as follows:

> Objection. Plaintiff objects to this Request for Admission under the Federal Rules of Civil Procedure, as the question is not relevant and is moot. Subject to the objection, Plaintiffs state she has no claims pending in the matter of *Wilson, et al. v. Johnson & Johnson, et al.*, Case No. 10-L- 668. Plaintiffs qualify her answer to this admission and state on December 8, 2011, the Circuit Court Twentieth Circuit, St. Clair County, Illinois, issued an Order dismissing claims from the matter of *Wilson, et al. v. Johnson & Johnson, et al.*, Case No. 10-L-668. Said Order is attached and incorporated as Exhibit 1.

(R. Doc. 78-4). On April 16, 2012, Defendants moved to compel responses from Hunt. (R. Doc. 78).

On April 17, 2012, Hunt supplemented her original responses. Her Supplemental Response to Request for Admission Number 1 is as follows:[2]

> Subject to the foregoing objections, Plaintiff admits that she is named in that document as a Plaintiff, but denies that she authorized the filing of suit in the matter of *Wilson, et al. v. Johnson & Johnson, et al.*, Case No. 10-L-668, therefore, Plaintiff denies the balance of the Request for Admission No. 1.

(R. Doc. 83-3, p. 2). Hunt's Supplemental Response to Request for Admission Number 2 states:

> Subject to the foregoing objections, Plaintiff admits that the complaint in this case states at paragraph 55 that "[b]eginning on or about February 5, 2010, the minor child, MYA HUNT injested Tylenol for fever", but further states that Plaintiff did not participate in nor did she authorize the filing of the Complaint in the matter of *Wilson, et al. v. Johnson & Johnson, et al.*, Case No. 10- L-668, and, therefore, denies the balance of Request for Admission no. 2.

(R. Doc. 83-3, p. 3). Hunt's Supplemental Response to Request for Admission Number 3 states:

> Subject to the foregoing Plaintiff admits that the complaint in this case states at paragraph 55 that "[. . .] Subsequently MYA HUNT began to experience rashing and other symptoms, and presented to the emergency room for medical treatment. Subsequently, she was transferred to Baton Rouge General Hospital in Baton Rouge, Louisiana, where Plaintiff's treating physician advised that Plaintiff was suffering from a cutaneous disorder including, but not limited to, Stevens Johnson Syndrome, Toxic Epidermal Necrolysis, or Erythema Multiforme secondary to the use of Defendants drug", but Plaintiff further states that Plaintiff did not participate in nor did she authorize the filing of the Complaint in the matter of *Wilson, et al. v. Johnson &*

---

[2]Although each response references explicitly or implicitly references "objections," these "objections" do not appear to be attached to the responses themselves.

3

*Johnson, et al.*, Case No. 10-L-668, and, therefore, denies the balance of Request for Admission no. 3.

(R. Doc. 83-3, p. 3). The Court ruled on the Motion on July 12, 2012. (R. Doc. 129). In its Order, the Court stated that, "[i]n her original response, Hunt failed to specifically admit, deny, or state in detail why she could not truthfully admit or deny. Although Hunt initially objected to the requests on the basis of relevance, these objections are unjustified." (R. Doc. 129, p. 9). The Court also found that Defendants' requests were reasonably calculated to lead to the discovery of admissible evidence. *Id.* Therefore, it ordered Hunt to supplement her responses within 7 days of the signing of the Order. *Id.*

Subsequently, on July 19, 2012, Hunt filed her First Amended Responses. These stated the following:

> ANSWER [TO REQUEST FOR ADMISSION NO. 1]:
> Plaintiff objects that the foregoing request is cumulative in that she has previously testified that she did not review or specifically authorize the complaint filed in *Wilson, et al.* (Wilson). Moreover, there are inadvertent errors of fact in the complaint which render the implication of the request misleading. Moreover, Plaintiff will show that because, *inter alia*, of the errors of fact the Wilson complaint was dismissed in December 2011.
>
> Subject to the foregoing objections and qualification, Plaintiff admits that she was a named Plaintiff in Wilson prior to December 8, 2011.
>
> ANSWER [TO REQUEST FOR ADMISSION NO. 2]:
>
> Plaintiff objects that the foregoing request is cumulative in that she has previously testified that she did not review or specifically authorize the complaint filed in Wilson. Moreover, there are inadvertent errors of fact in the complaint regarding MH's alleged ingestion of Tylenol which are perpetuated in the request rendering the request misleading. Moreover, Plaintiff will show that because, *inter alia*, of the errors of fact regarding MH's ingestion of Tylenol the Wilson complaint was dismissed in December 2011.
>
> Subject to the foregoing objections and qualifications, Plaintiff admits that in the Wilson complaint Plaintiff erroneously alleged that MH ingested Tylenol for fever.
>
> ANSWER [TO REQUEST FOR ADMISSION NO. 3]:
> Plaintiff objects that the foregoing request is cumulative in that she has previously testified that she did not review or specifically authorize the complaint filed in Wilson.

4

> Moreover, there are inadvertent errors of fact in the complaint regarding MH's alleged ingestion of Tylenol and the injury to MH allegedly resulting from that ingestion which are perpetuated in the request rendering the request misleading. Moreover, Plaintiff will show that because, *inter alia*, of the errors of fact regarding MH's ingestion of Tylenol the Wilson complaint was dismissed in December 2011.
>
> Subject to the foregoing objections and qualifications, Plaintiff admits that in the Wilson complaint Plaintiff erroneously alleged that MH experienced Stevens-Johnson Syndrome, Toxic Epidermal Necrolysis, or Erythema Multiforme secondary to her use of Tylenol for fever.

(R. Doc. 137-2, p. 5). Hunt then served Second Amended Responses on July 30, 2012, which asserted an identical response to each of the three questions as follows:

> Plaintiff objects that the foregoing request is cumulative in that she has previously testified that she did not initially review or specifically authorize the complaint filed in *Wilson, et al. v. Johnson & Johnson, et al.* (Wilson). Moreover, there are inadvertent errors of fact in the complaint regarding MH's alleged ingestion of Tylenol and the injury to MH allegedly resulting from that ingestion which are perpetuated in the request rendering the request misleading. Moreover, Plaintiff will show that because, *inter alia*, of these errors of fact regarding MH's ingestion of Tylenol the Wilson complaint was dismissed in December 2011.
>
> Subject to and without waiver of the foregoing objections and qualifications, ADMIT.

(R. Doc. 137-8, pp. 3-4). Defendant filed the instant motion on August 7, 2012.

As to the instant motion, Defendants seek an Order from this Court compelling unqualified responses to its three Requests. (R. Doc. 137). The motion is opposed. (R. Doc. 142). Defendants have filed a post-hearing Memorandum. (R. Doc. 164). Hunt neither filed its own Post-Hearing Memorandum, nor responded to Defendants' Post-Hearing Memorandum.

## II.  **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The

5

discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

Rule 36 states that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." *Id.* Unless the court finds a party's objections justified, it must order that the party respond to the requests for admissions. *Id.* (emphasis added). Moreover, Rule 36 provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

6

*Id.* at 36(a)(4). Under Rule 36, the grounds for objecting to a request must be stated. *Id.* at 36(a)(5). Rule 36 further permits a party to file a motion with the court to determine the sufficiency of an answer or objection. *Id.* at 36(a)(6). Unless the Court finds a party's objections or qualified answers justified, it must order that the party respond to the requests, either by deeming the requests admittd or ordering that an amended answer be served. *Id*.

## III. Analysis

### 1. Scope of Discussion

As noted above, Defendants have submitted a Post-Hearing Memoranda (R. Doc. 164) into the record. However, for the reasons below, the evidence it contains is not appropriate for consideration.

At oral argument, during discussions of why Hunt's claims were withdrawn from the *Wilson* Complaint, the Court asked Defendants' counsel whether he had been involved in the *Wilson* action. Defendants' counsel replied that although his firm was involved, "national counsel" had handled the matter. The Court then asked whether Defendants' counsel had spoken to "national counsel" regarding whether the basis for Hunt's withdrawal of her claims from the *Wilson* case an error in the medical record. Defendants' counsel indicated that he had never spoken to "national counsel" about whether the reason for Hunt's dismissal of the *Wilson* Complaint was attributable to an error in the medical records, or some other reason. The Court then requested that Defendants' counsel submit
an affidavit from "national counsel" regarding any such discussions and understandings.[3]

At the end of oral argument, after discussion of the reasons why or why not an admission should be qualified, the Court indicated that no briefing would be necessary. However, the Court

---

[3] The Court also requested Affidavits from Hunt's Illinois counsel regarding the basis for withdrawal of Hunt's claims in the *Wilson* matter. The Court also subsequently withdrew this request.

never formally withdrew its requests for further briefing. Subsequent to oral argument Defendants filed an exparte motion for leave to file the Post-Hearing Memorandum "[i]n response to the Court's invitation to submit post-hearing papers." (R. Doc. 162). The Court granted this motion. (R. Doc. 163).

Defendants then submitted a post-hearing memorandum in support of their Motion (R. Doc. 164). In Defendant's Post-Hearing Memorandum, Defendants did not specifically respond to the Court's requests as stated at oral argument. Instead, Defendants point largely to inconsistencies in the procedural history of this case and the *Wilson* case which, they argue, suggest that Hunt's filings in the *Wilson* case were not erroneous. (R. Doc. 164, pp. 2-3).

The Court finds that this evidence is not appropriately considered in the instant motion because the Court initially requested post-hearing memoranda on the issue of whether certain specific discussions between counsel in the *Wilson* occurred. The Court never stated that it would entertain post-hearing briefing on extraneous issues. For this reason, any evidence submitted in connection with R. Doc. 164 which does not address the issue of discussions between "national counsel" regarding the reasons for Hunt's voluntary dismissal of her claims from the *Wilson* case will not be considered by the Court in its consideration of the instant motion.

2. **Parties' Arguments**

In support of the motion, Defendants argue that the three requests are straightforward. Essentially, Request for Admissions No. 1 asks Hunt to admit that she filed suit in the *Wilson* case; Request No. 2 asks Hunt to admit that in the *Wilson* case she alleged her daughter ingested Tylenol for fever; Request No. 3 asks Hunt to admit that in the *Wilson* case, she alleged that her daughter experienced Stevens-Johnson Syndrome, Toxic Epidermal Necrolysis, or Erythema Multiforme secondary to her use of Tylenol for fever. *Id.* at 7-8. These requests do not ask Hunt to characterize

8

the information as correct or incorrect. *Id.* By extension, the requests should not have taken Hunt 7.5 months to answer. *Id.*[1] At oral argument Defendants reiterated these positions, and characterized Hunt's qualifications as inappropriate "editorial commentary."

In opposition, Hunt argues that Rule 36(a)(4) obligates a party to qualify a response if good faith requires it. *Id.* at 5. Hunt argues that because admissions are generally binding an cannot be contradicted by other evidence, if the Court sets aside Hunt's qualified answers, Hunt may be prohibited from offering any explanation to modify the substance or effect of the admissions regarding Hunt's prior filings in the *Wilson* case. *Id.* at 6-7. Hunt argues that there are two reasons why Defendants' simple requests do not tell the whole story: first, Hunt's filing of the *Wilson* Complaint was due to an error in the medical record, and second, Defendants' request is cumulative because Hunt has subsequently testified that she neither initially reviewed nor specifically authorized the pleadings in the *Wilson* case. *Id.* At oral argument, Hunt reiterated these arguments.

In general, admissions are binding and cannot be contradicted by other evidence. *See In re Carney*, 258 F.3d 415, 421 (5th Cir. 2001). As noted above, Rule 36(a)(4) states that "when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.* Given that Hunt stated at oral argument that she was not specifically "objecting" to the testimony, but used the word "objection" to mean "qualification,"

---

[1] Defendants also argue that Hunt's new objection that these requests are "cumulative" is untimely, meritless, and should be stricken because Hunt failed to assert them within 30 days of service, as required by the Federal Rules. *Id.* at 5-6. However, as to untimeliness, at oral argument on the instant motion Hunt indicated, and Defendants did not contest, that the Court had addressed the untimeliness issue in Defendants' first Motion to Compel. (R. Doc. 78). In its Order on that motion, the Court gave Hunt 7 days to update its original responses without passing on the issue of whether Hunt's original responses were untimely. (R. Doc. 129). Because Hunt complied with this original Order, its responses were not untimely. Further, Defendants argue that Hunt's "qualifications" are ultimately an impermissible rephrasing of Hunt's prior "relevance" objections, which were already overruled by the Court in R. Doc. 129. (R. Doc. 137-2, pp. 6-7). This argument is subsumed into the discussion below. Defendants did not press this point on oral argument, and to the extent the argument remains valid, it is denied.

Hunt's responses to these three Interrogatories should be evaluated under Rule 36(a)(4).

### 3. Cumulative Request Due to Hunt's Prior Deposition Testimony

At oral argument, Defendants argued that the second of Hunt's "objections" - i.e., that the request for admissions was cumulative, because Hunt has been deposed since the requests were propounded - is irrelevant for two reasons. First, Hunt had not been deposed at the time Defendants propounded the instant Request for Admissions. Second, the mere fact that a party has been deposed should not invalidate a prior request for admissions.

In opposition, Hunt reiterated her argument concerning the "good faith" basis for qualifying her answers, and the fact that the requests are cumulative because Hunt has now been deposed and spoke definitively on the issue.

First, Defendants' requests are not cumulative as a *per se* matter merely because Hunt's deposition occurred after Defendants filed their requests for admissions. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 595 n.13 ("Rule 26 confers broad discretion to control the combination of interrogatories, requests for admissions, production requests, and depositions permitted in a given case; the sequence of which such discovery devices; may be deployed; and the limitations imposed upon them"); *see also Flanders v. Claydon*, 115 F.R.D. 70, 72 (D. Mass. 1987) (finding that subsequently filed requests for admissions were cumulative where the party's "positions on each of the four requests were *explicitly stated in clear and unambiguous terms* at [the party's prior] deposition.") (emphasis added). Therefore, the Court proceeds to an evaluation of the merits of the language.

Here, the language to be evaluated - i.e., that found in Hunt's "qualification," and that found in Hunt's deposition - is inconsistent. The plain language of Hunt's "qualification" states that "Hunt did not *initially* review" the *Wilson* complaint. (R. Doc. 142, p. 4). However, Hunt's deposition testimony does not indicate a restriction in time:

> Q. . . . Do you understand that this lawsuit is about injuries claimed to have resulted from Tylenol? . . . .
> A. Yes.
> Q. Okay. So you understand this is a lawsuit claiming personal injuries resulted from Tylenol?
> A. Yes.
> . . . .
> Q. And then in paragraph 55, it says that beginning on or about February 5, 2010, the minor child [M.H.] ingested Tylenol for fever. Is that true?
> A. Absolutely not.
> Q. Did you – did you authorize your lawyers to file this complaint on your behalf?
> A. They did it in order – because –[2]
> . . . .
> Q. Did you authorize your lawyers to file this complaint on your behalf?
> A. No. But – huh-uh (negative response).

(R. Doc. 142-1, pp. 14-15).[3] As noted above, admissions are generally binding and cannot be contradicted by other evidence. *See In re Carney*, 258 F.3d 415, 421 (5th Cir. 2001). Therefore, the Court should only consider the language in Hunt's "qualification" to determine whether Hunt's deposition testimony in fact makes Defendants' Requests for Admission cumulative.

The next issue is whether Hunt in fact "initially verified" the *Wilson* Complaint. Because no appropriate evidence of the same has been submitted, the question is whether the fact that Hunt's attorneys filed that claim operates as a *per se* "verification" for Hunt of the contents of the pleading. The Court has found no authority suggesting that a party can be assumed to "verify" a Complaint merely because that complaint was filed.[4] In fact, the inferences point in the opposite direction.

The closest analog is Federal Rule of Civil Procedure ("Rule") 11, which requires that filings into court be signed and the truth of their contents attested to, and imposes sanctions on a signatory

---

[2]A conversation then occurred regarding an assertion of the attorney-client privilege.

[3]The deposition transcript excerpts do not specify that "this lawsuit" is actually the *Wilson* case. However, Hunt has argued that "[a] suit was filed in Illinois against these Defendants for Tylenol on February 14, 2011. Hunt did not initially review or authorize the specific pleading." (R. Doc. 142, p. 4). Defendants have not challenged the fact that the deposition does not specify that Hunt refers to the *Wilson* case.

[4]Other Federal courts have noted in dicta that "[a]ll of us who are professionals in the practice of law know that it is lawyers and not their clients who prepare pleadings." *Favila v. City of Chicago*, 2011 WL 2160882, at *1 n.4 (N.D. Ill. June 1, 2011).

found to have submitted pleadings into court in bad faith. Rule 11(c). The plain language of Rule 11 restricts it to an "attorney or unrepresented party," but makes no provision for sanctions of a party who is in fact represented. Rule 11(a). Nevertheless, courts have expanded the scope of the rule using the Court's "inherent powers." *Sanders v. Tyco Electronics Corp.*, 235 F.R.D. 315, 322 (W.D.N.C. 2006) (imposing sanctions on a party who had continued to engage in bad faith misrepresentations against the instruction of counsel).

Federal courts have found that *non*signing parties are "obviously relying upon her attorney to conduct a reasonable inquiry and determine whether her claims are well grounded in fact," and "it would be unfair to require such a party to certify that a reasonable inquiry was conducted." *Taylor v. United States*, 151 F.R.D. 389, 397 (D. Kan. 1993) (internal quotation marks omitted). Courts have collapsed the liability distinction between signatories and non-signatories only where the Court finds that the non-signing client was "personally aware of or otherwise responsible for the bad faith procedural action." *Friesing v. Vandergrift*, 126 F.R.D. 527, 529 (S.D.Tex. 1989) (finding that, notwithstanding the facts of the case, where a party "actually believed" that he had a valid claim, no sanctions were appropriate). In sum, the Court cannot find as a *per se* matter that Hunt "verified" the allegations in the *Wilson* Complaint solely by virtue of the fact her attorneys filed it.

The Court now turns to an evaluation of Hunt's qualification to determine whether it was made in good faith. First, the Court notes that Defendants have neither produced, nor directed the Court's attention to, appropriate evidence suggesting that Hunt had actual knowledge of the contents of the pleadings.[5] Moreover, nothing in the plain language of the qualification is inherently contradictory

---

[5]Even to the extent that the Court considered Defendants' evidence as submitted in R. Doc. 164, however, it is thoroughly unclear whether this evidence establishes that Hunt was susceptible to anything other than an honest mistake. Defendants' evidence attempts to assert that at the same time Hunt continued prosecution of the *Wilson* Complaint in which she alleged that Tylenol caused M.H.'s injuries, she not only filed the instant Complaint, but continued to reference the fact that M.H. was allergic to "Tylenol," not "Motrin." However, Defendants have not

or suggests a failure to respond. The original Complaint in *Wilson* was not signed by Hunt, and Hunt's qualification that she did not "initially review or specifically authorize" the *Wilson* Complaint reflects this fact. By contrast, Defendants' Requests for Admissions would essentially compel Hunt to admit that *she* signed the *Wilson* Complaint. In these circumstances, ordering Hunt to admit Defendants' Requests is inappropriate.

Due to the fact that the Court has found that (1) Defendants' request is not cumulative as a *per se matter*, (2) the language of Hunt's qualification, and not her deposition testimony, should be weighed against Defendants' request, and (3) that Hunt had a good faith basis for qualifying her answers, the Court finds no reason to address whether or not Defendants' Requests were in fact cumulative with Hunt's actual deposition testimony. Defendants' motion is denied.

4. **Mistake in Medical Records**

In support of the motion, Defendants do not specifically take issue with Hunt's qualification on the basis of an error in the medical records. However, in opposition, Hunt argues that she must qualify her responses to Defendants' Requests for Admissions because the withdrawal of the *Wilson* Complaint was based upon such a mistake, and that the qualifications were necessary because (1) Hunt was required under Rule 36 to make a good faith objection when simple admission would misrepresent the record, and (2) a simple admission would unduly circumscribe Hunt's ability to explain the reason for the withdrawal at trial.

The Court finds that in these circumstances, the qualification was made in good faith. Having already established that Hunt did not verify the Complaint in *Wilson*, it is entirely possible that the reason for withdrawal of the *Wilson* Complaint had to do with an error in the medical record

---

suggested that Hunt's actions were made as part of an active misrepresentation to the Court, or indeed that they were anything other than an honest mistake based on a mistaken medical diagnosis.

attributable to the attorneys who prosecuted that matter. Ordering Hunt to admit Defendants' Request, without qualification, unduly circumscribes inquiry into this issue at trial, and unduly penalizes her for an error her attorneys could have made. Furthermore, the Court notes that despite its inquiry of local counsel regarding the knowledge of national counsel who was involved in the *Wilson* case as to the reason for the withdrawal of that pleading, the failure of local counsel to provide a direct response to the Court's inquiry in the body of their supplemental filing is instructive. Defendants' Motion is denied.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendants, McNeil Consumer Healthcare Division of McNEIL-PPC, Inc. ("McNeil") and Johnson & Johnson, ("J&J") (collectively, "Defendants")'s **Defendants' Second Motion to Compel Proper Responses to First Set of Requests for Admission (R. Doc. 137)** is **DENIED**.

New Orleans, Louisiana, this 18th day of October 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**