# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEISHA HUNT, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, M. H. | CIVIL ACTION |
| VERSUS | NO: 11-0457 |
| MCNEIL CONSUMER HEALTHCARE, ET AL. | SECTION: "H" (4) |

## ORDER

Before the Court is Defendants, McNeil Consumer Healthcare Division of McNEIL-PPC, Inc. ("McNeil") and Johnson & Johnson's, ("J&J") (collectively, "Defendants") **Defendants' Motion to Compel Further Responses to Requests for Admission, or to Determine the Responses Insufficient and Deem Them Admitted (R. Doc. 113)**, seeking an order from this Court requiring Plaintiff, Keisha Hunt, ("Hunt") to supplement her responses to Defendants' second set of requests for admission, or alternatively, find Hunt's responses insufficient and deem the requests admitted. The motion is unopposed.[1] The motion was noticed for submission on July 11, 2012, and heard on the briefs. (R. Doc. 128).

---

[1] The motion was noticed for submission on July 11, 2012. (R. Doc. 113-4, p. 1). The Court ordered the motion to be heard on the briefs. (R. Doc. 128). Hunt filed an opposition on July 5, 2012. (R. Doc. 121). According to Local Rule 7.5, all motions in opposition must be filed at least 8 days prior to the submission date. Therefore, Hunt's Motion was in contravention of the rule. Subsequently, Hunt moved the Court for leave to file an untimely opposition. (R. Doc. 123). However, Hunt's Motion was denied by the Court. (R. Doc. 131). The Court noted in the body of its Order that this was "not the first time Hunt has failed to follow the Local Rules and timely file her opposition." (R. Doc. 131, p. 3) (citing R. Doc. 83). The Court further noted that, pursuant to Local Rule 83.2.7, "[e]veryone who appears in court in proper person and every attorney permitted to practice in this court *must* be familiar with these rules." *Id.* (emphasis in original). The Court noted that R. Doc. 121 was untimely, and would not be considered. Therefore, the Court denied as moot R. Doc. 122, in which Defendants requested leave to file a reply Memorandum to R. Doc. 121. To reconsider that decision now would prejudice Defendants, who are already proceeding under the assumption that their R. Doc. 122 need not be considered by the Court.

I.   **Background**

   A.   **Hunt's Allegations**

This product liability lawsuit was filed by Hunt after her minor child, M.H.,[2] developed Stevens-Johnson Syndrome ("SJS") and/or Toxic Epidermal Necrolysis Syndrome ("TENS") after ingesting the drug Motrin. Hunt's complaint alleges that shortly after taking Motrin, M.H. developed a severe rash, was taken to the emergency room, admitted into the hospital, and diagnosed with SJS and/or TENS. (R. Doc. 1, ¶¶ 16-17). Hunt was informed that M.H.'s SJS and/or TENS could have been caused by Motrin on the day M.H. was discharged from the hospital. (R. Doc. 1, ¶ 19).

Hunt alleges that Defendants defectively designed Motrin, and failed to warn consumers of the dangers of the drug, resulting in permanent injuries to M.H. (R. Doc. 1, ¶¶ 22, 35). Hunt seeks damages for past and future medical expenses, pain and suffering, mental anguish, physical disfigurement and impairment, costs, and interest. (R. Doc. 1, ¶ 50).

   B.   **Defendants' Motion to Compel**

As to the instant motion, Defendants request that the Court either compel Plaintiff to provide further responses to McNeil's Second Set of Requests for Admission in accordance with Federal Rule of Civil Procedure 36(a), or alternatively deem the requests admitted. (R. Doc. 113, p. 1). Defendant argues that on March 22, 2012, it propounded a Second Set of Requests for Admission that asked Plaintiff to admit statements that she made in her Motion to Quash regarding M.H. Hunt's lack of competency and the fact that M.H. would not testify at trial. (R. Doc. 113-1, p. 3).[3] Specifically, these

---

[2] All occurrences of M.H.'s first and last name have been modified where appropriate. These modifications have not been noted by the Court.

[3] Defendants' reference to Hunt's "Motion to Quash" is unclear. Defendants indicate that Hunt re-filed R. Doc. 50 the following day as R. Doc. 51. However, this is not reflected in the docket record. Upon review of the record the request instead appears to pertain to statements made in Hunt's Motion to Quash as contained at R. Doc. 53-8, which was filed under seal. The Court has accordingly reviewed a sealed motion to quash filed by Hunt and entered into the record as R. Doc. 53-8. Upon review of the record, the Court is satisfied that there is no prejudice in

2

requests were as follows:

> **Request No. 1:**
> Admit that M.H. was treated with morphine during most of her hospitalization following her alleged SJS/TEN even in February 2010. (As stated in Section I of Plaintiff's Motion to Quash Defendants' Notice of Deposition of M.H.)
>
> **Request No. 2:**
> Admit that M.H. has no independent recollection of her events leading to her hospitalization following her alleged SJS/TEN even in February 2010.
>
> **Request No. 3:**
> Admit that M.H. has no independent recollection of her hospitalization following her alleged SJS/TEN event in February 2010.
>
> **Request No. 4:**
> Admit that M.H. has no independent recollection of care and treatment provided to her following her alleged SJS/TEN event in February 2010.
>
> **Request No. 5:**
> Admit that M.H. will not testify at the trial of this matter.
>
> **Request No. 6:**
> Admit that the text of the label attached hereto as Exhibit A matches the text of he label on the bottle of Children's Motrin that Plaintiff alleges caused injury to M.H..

(R. Doc. 113-2, pp. 2-3). The appropriateness of Hunt's responses will be discussed below.

## II. Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando,* 441 U.S. 153, 177

---

comparing Defendants specific claims in the instant motion to the statements Hunt made in R. Doc. 53 as to Nos. 1-5. Defendants do not claim that No. 6 was referenced in R. Doc. 53-8.

(1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Federal Rule of Civil Procedure ("Rule") 36 states that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Rule 26(b)(1) states that "[p]arties may obtain discovery regarding any *nonprivileged* matter that is relevant to any party's claim or defense." *Id.* (emphasis added).[4] Unless the court finds a party's objections justified, it must order that the party respond to the requests for admissions. Rule 36(a)(6) (emphasis added).

Rule 36 provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

Fed.R.Civ.P. 36(a)(4). Under Rule 36, the grounds for objecting to a request must be stated. Fed.R.Civ.P. 36(a)(5). Additionally, "[a] party must not object solely on the ground that it presents a genuine issue for trial." *Id.* Rule 36 further permits a party to file a motion with the court to

---

[4] Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(c). In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2)(C)(iii).

determine the sufficiency of an answer or objection. Fed.R.Civ.P. 36(a)(6). Unless the Court finds a party's objections justified, it must order that the party respond to the requests for admissions. *Id*. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. *Id*.

## III. Analysis

### A. Request for Admission

The Court will now assess each of Defendants' requests individually.

#### 1. Request No. 1

**Request No. 1:**
Admit that M.H. was treated with morphine during most of her hospitalization following her alleged SJS/TEN even in February 2010. (As stated in Section I of Plaintiff's Motion to Quash Defendants' Notice of Deposition of M.H.).

**Response:**
Objection. Plaintiff cannot admit or deny. The exact frequency, dosage and/or administration of morphine is not known by Keisha Hunt. Please refer to the medical records to obtain this information.

(R. Doc. 113-3, p. 2). In her Motion to Quash, Hunt stated that "[d]uring much of M.H.'s hospitalization M.H. was treated with morphine." (R. Doc. 53-8, p. 2).

Here, there is a material difference between "much" in Hunt's Motion to Quash and "most." in Defendant's Motion to Compel. According to Merriam-Webster's "most" means "1. : the *greatest* in quantity, extent, or degree 2 : the *majority* of." (emphasis added).[5] However, "much" means "great in quantity, amount, extent, or degree."[6] Clearly, Defendants' request is overbroad and inapposite because it characterizes M.H.'s morphine treatment as encompassing the *majority* of M.H.'s

---

[5]*Merriam-WebsterOnline Dictionary*, definition of "Much," *available at* http://www.merriam-webster.com/dictionary/most (last visited 10/5/2012).

[6]*Merriam-WebsterOnline Dictionary*, definition of "Much," *available at* http://www.merriam-webster.com/dictionary/much (last visited 10/5/2012).

5

hospitalization, when in fact the amount of M.H.'s morphine treatment could have been *less* than the majority. Hunt properly objected because the exact frequency, dosage, and/or administration is clearly relevant in indicating the difference between "much" and "most" in this request. Hunt's Rule 36(a)(5) objection states appropriate grounds for the objection, and is sustained.

### 2. Request No. 2

**Request No. 2:**
Admit that M.H. has no independent recollection of the events leading to her hospitalization following her alleged SJS/TEN event in February 2010.

**Response:**
Deny.

(R. Doc. 113-3, p. 2). In her Motion to Quash, Hunt stated that "[M.H.] has no independent recollection of the events surrounding or directing [sic] following her hospitalization from TEN." (R. Doc. 53-8, p. 2).

Again, there is a semantic distinction between "leading to her" and "surrounding and directing [sic] following." Here, however, Hunt's language in her Motion to Quash encompasses a broader time period than that in Defendants' Motion to Compel, because Defendants have requested an admission as to Hunt's recollection of events *preceding* M.H.'s hospitalization, whereas Hunt has already made a statement regarding M.H.'s recollections both *before* and *after* said hospitalization. Hunt's denial did not "fairly respond to the substance of the matter" of Defendant's request pursuant to Rule 36(a)(4), and Hunt is ordered to supplement her admission accordingly.

### 3. Request No. 3

**Request No. 3:**
Admit that M.H. has no independent recollection of her hospitalization following her alleged SJS/TEN event in February 2010.

**Response:**
Deny.

(R. Doc. 113-3, p. 2). In her Motion to Quash, Hunt stated that "[M.H.] has no independent recollection of the events surrounding or directing [sic] following her hospitalization from TEN." (R. Doc. 53-8, p. 2).

Here, Defendant's request is broader, not narrower, than Hunt's statement. Defendants request information "following" Hunt's hospitalization, whereas Hunt used the phrase "directing [sic] following." Rule 36(a)(4) required Hunt in good faith to admit at least the portion of Defendant's request which pertains to M.H.'s recollection "directly following"[7] her hospitalization, with the option of admitting, denying, objecting to, or qualifying the remainder. Hunt is ordered to supplement her admission accordingly.

### 4. Request No. 4

**Request No. 4:**
Admit that M.H. has no independent recollection of care and treatment provided to her following her alleged SJS/TEN event in February 2010.

**Response:**
Deny.

(R. Doc. 113-3, p. 2). The Court can find no corresponding statement in Hunt's Motion to Quash which reasonably reflects this assertion. Although Hunt has admitted that she has no independent recollection of her *hospitalization* directly after the alleged SJS/TEN incident, in this case Defendants request is for "care and treatment" with no apparent time limitation. The difference between "hospitalization" and "care and treatment" is too subjective to provide any meaningful boundary, allowing for a good faith partial answer pursuant to Rule 36(a)(4). Accordingly, the Court finds that her response to Request for Admissions No. 4 is sufficient.

---

[7] The Court must assumes that when Hunt used the word "directing" in its response, it meant "directly." Otherwise, Hunt's response to Defendant's Request for Admission makes no sense.

### 5. Request No. 5

**Request No. 5:**
Admit that M.H. will not testify at the trial of this matter.

**Response:**
Objection. This request for Admission seeks information that is protected by the Attorney Client privilege and/or Attorney Client Work Product.

(R. Doc. 113-3, p. 3). In her Motion to Quash, Hunt stated that "[p]laintiffs do not intend to call M.H. to the stand." (R. Doc. 53-8, p. 3).

Defendant argues that notwithstanding Hunt's assertion of privilege, Hunt is attempting to use the purported admission as both a sword and a shield, which is an impermissible abuse of the attorney-client privilege *Id.* at 11. Defendants' request is clearly distinguishable, as the import between an intention not to do a thing, and an admission that a thing will not be done, is far more than academic. However, Hunt's objection was not premised upon the difference between terms, but instead upon assertion of the Attorney/Client privilege and the Work Product doctrine. The issue is whether either objection is appropriate here.

Because this case is before the Court on diversity, the law of the forum state controls substantive inquiries. 28 U.S.C. § 1332; *Eerie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Federal Rule of Evidence 501 states:

> [I]n civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness . . . shall be determined in accordance with State law.

*Id.* Louisiana is the forum state in this action and therefore Louisiana privilege law applies.[8]

---

[8] Here, Hunt is a citizen of Texas, but was purchased the Motrin in question while in Louisiana and incurred the injuries of this lawsuit in Louisiana; Defendants are alleged to do a substantial volume of business in Louisiana. (R. Doc. 1, p. 2).

First, although Louisiana case law does not definitively indicate whether a statement regarding placement on a witness list would violate the attorney-client privilege, there is no suggestion that the decision required any legal advice to the child's mother. The objection based upon attorney-client privilege is unfounded and overruled.

Second, with respect to applicability of the work product doctrine to discovery requests, federal law governs application of the doctrine. *See, e.g.*, *North American Speciality Insurance Co. V. Iberville Coatings, Inc.*, No. 99-859-A-M2, 2002 WL 34423316, at *3 (M.D. La. Mar. 22, 2002) (citing cases). The Fifth Circuit has applied the Work Product Doctrine to witness lists. *See Wirtz v. Continental Finance & Loan Co. Of West End*, 326 F.2d 561, 563-64 (5th Cir. 1964) (finding that interrogatory requesting U.S. Secretary of Labor to provide list of witnesses "long before trial," and "is no part of the discovery process before the filing of defensive pleadings" was properly objected to under the work product doctrine).[9]

However, *Writz* also left open the question "whether the names of witnesses may be compelled at a pre-trial hearing or at a date shortly before trial." *Id.* at 564. The *Wirtz* court provided no guidance as to what "shortly before" trial might mean, but the circumstances in this case clearly do not qualify. Moreover, *Writz* did not indicate the presence of a scheduling order, unlike the instant case, which in fact contains a scheduling order. *See* (R .Docs. 23, 130).

---

[9]*See also Bell v. Swift & Co.*, 283 F.2d 407, 409 (5th Cir. 1960) (finding that under Rule 26(b), a party need not state the names and addresses of witnesses proposed to be introduced at trial); *Miller v. Narval Shipping Corp.*, No. 00-0804, 2000 WL 1372985, at *2 (E.D. La. Sept. 20, 2000) (Roby, M.J.) (citing *Bell*, and finding that interrogatory requesting plaintiff's was subject to objection under Work Product doctrine where interrogatory requested, *inter alia*, the name of each and every witness which the defendants will or may call at trial).

9

Here, Defendants' request for admission was propounded on Hunt in April 2012, months prior to the then-scheduled trial date of October 29, 2012. (R. Doc. 23).[10] However, this case can be analogized to *Writz* because the Scheduling Order which is in place does not specify when witness lists should be produced. Therefore, the Court finds that the general reasoning of *Wirtz* is properly applied to Defendants' request, and that the witness list falls under the work product doctrine as it was prepared "far in advance" of trial. Accordingly, Hunt's objection based on the Work Product doctrine is granted.

### 6. Request No. 6

**Request No. 6:**
Admit that the text of the label attached hereto as Exhibit A matches the text of the label on the bottle of Children's Motrin that Plaintiff allegees caused injury to M.H.

**Response:**
Neither admit nor deny. The bottle of Children's Motrin ingested by M.H. is in the case, custody and control of Plaintiffs' attorneys in Houston, Texas, as discussed at the deposition of Keisha Hunt. Thus, Plaintiff could not compare the label found at Exhibit A to the original labeling on the Children's Motrin bottle. Subject to the objections above, Plaintiff further states that the photographs provided to defense counsel are the best representation of the labeling on the Children's Motrin bottle at issue.

(R. Doc. 113-3, pp. 3-4). Defendants argue that Plaintiff has refused to admit that a label attached to Defendants' requests matched the label on the medicine allegedly causing injury to M.H. (R. Doc. 113-1).

Rule 36(a)(4) states that "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows *or can readily obtain* is insufficient to enable it to admit or deny." *Id.*

---

[10]The parties then jointly moved to continue the trial and other applicable motion, pretrial, and discovery dates. (R. Doc. 119). This request was granted on July 12, 2012; trial is now scheduled for February 25, 2013. (R. Doc. 130).

(emphasis added). In this case, Hunt's response indicates that at some point, her attorneys had the original Children's Motrin label in their possession and therefore Hunt could not compare the two at the time Hunt was deposed. Even assuming that tangible items in the possession of one's attorney are not "readily obtainable," Hunt has not stated that she is *currently* unable to inspect and compare her Children's Motrin label with the same which Defendants have provided. Further, the information is reasonably accessible to her. The Court finds that her response was insufficient, and she is ordered to supplement it.

B. **Defendants' Proper Entitlement to Relief**

Defendants have requested that the Court either compel Plaintiff to provide further responses to McNeil's Second Set of Requests for Admission in accordance with Federal Rule of Civil Procedure 36(a), or alternatively deem the requests admitted. (R. Doc. 113, p. 1).

Rule 36(a)(1) states that "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." *Id.* at 36(a)(3).

Here, Defendants propounded their request for admissions on March 22, 2012, and Hunt responded on April 17, 2012, a delay of 26 days. Although Hunt's motion in opposition was deemed untimely, Hunt's responses to Defendants' request for admissions were not. Therefore, the Court finds that Hunt's answers should not be deemed admitted. Instead, Hunt is required to provide Defendants with updated responses to Defendants' Second Set of Requests for Admission Nos. 2, 3, and 6, within seven (7) days of the issuing of this Order.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendants McNeil Consumer Healthcare Division of McNEIL-PPC, Inc. ("McNeil"), and Johnson and Johnson, ("J&J") (collectively, "Defendants") **Defendants' Motion to Compel Further Responses to Requests for Admission, or to Determine the Responses Insufficient and Deem Them Admitted (R. Doc. 113)** is **GRANTED IN PART** and **DENIED IN PART**.

It is **GRANTED** as it pertains to Defendant's Motion to Compel Further Responses to Requests for Admission Nos. 2, 3, and 6. Plaintiff, Keisha Hunt, ("Hunt") is ordered to provide updated responses **within seven (7) days** of the issuing of this Order.

It is **DENIED** as it pertains to Request for Admission Nos. 1, 4, and 5.

It is **DENIED** as it pertains to Defendants' Request to Deem Responses Admitted.

New Orleans, Louisiana, this 19th day of October 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**