UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KEISHA HUNT**                                          **CIVIL ACTION**

**VERSUS**                                               **NO: 11–457**

**MCNEIL CONSUMER HEALTHCARE**                           **SECTION: "H"(4)**

## ORDER AND REASONS

Before the Court are two Motions for Judgment as a Matter of Law filed by Defendant McNeil Consumer Healthcare.[1] For the following reasons, the first Motion (R. Doc. 463) is GRANTED, and the second (R. Doc. 464) is DENIED AS MOOT.

## BACKGROUND

This a pharmaceutical products liability action. Plaintiff Keisha Hunt alleges her daughter

---

[1] Defendant's full name is listed on the docket as "McNeil Consumer Healthcare, a Division of McNeil-PPC, Inc."

M.H. suffered personal injury on February 4, 2010 after ingesting Children's Motrin—a non-prescription drug manufactured by Defendant.  The active ingredient in Children's Motrin is ibuprofen.  Plaintiff alleges Children's Motrin caused her to contract Stevens-Johnson Syndrome and/or Toxic Epidermal Necrolysis ("SJS/TEN").[2]  Plaintiff subsequently filed suit under the Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. § 9:2800.54 *et seq.*, alleging Children's Motrin is defectively designed and contains inadequate warnings of potential health problems.  Plaintiff abandoned her design-defect claim prior to the commencement of trial.

Defendant orally moved for judgment as a matter of law at the conclusion of Plaintiff's case-in-chief.  For the reasons stated on the record, the motion was granted in part.  Defendant re-urged the motions at the close of evidence.[3]  The Court deferred and submitted the case to the jury.  Because the jury was unable to reach a unanimous verdict, the Court declared a mistrial.  The motions for judgment as a matter of law are still pending.

**LEGAL STANDARD**

Rule 50 of the Federal Rules of Civil Procedure allows the Court to enter judgment as a

---

[2] SJS/TEN is a rare but life-threatening disease that causes severe blistering and consequent sloughing off of skin over much of the body, together with serious damage to the mouth, eyes, throat, and esophagus. *Robinson v. McNeil Consumer Healthcare*, 615 F.3d 861, 864 (7th Cir. 2010).

[3] Defendant elected to file two separate motions for judgment as a matter of law: one that addressed Plaintiff's case-in-chief and one that addressed the affirmative defense of preemption.

matter of law when a party has been fully heard on an issue during a jury trial. "Judgment as a matter of law is proper where there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party." *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 467 (5th Cir. 2002). In other words, judgment will be entered when "the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict." *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001). In order to survive a Rule 50 motion, the non-moving party must establish a conflict of substantial evidence for each element of his or her claim. *Goodner v. Hyundai Motor Co., Ltd.*, 650 F.3d 1034, 1039 (5th Cir. 2011). Thus, "[i]f reasonable persons could differ in their interpretation of the evidence, then the motion should be denied." *Jordan v. Ector Cnty.*, 516 F.3d 290, 294 (5th Cir. 2008). In reviewing the evidence presented, the Court draws all reasonable inferences in favor of the non-moving party but does not assess witness credibility. *See Raggs*, 278 F.3d at 467.

**LAW AND ANALYSIS**

Defendant's first motion for judgment as a matter of law attacks the evidence presented in support of Plaintiff's inadequate-warning claim. The second seeks judgment on the affirmative defense of preemption. If a plaintiff's claim fails as a matter of law, the Court need not consider any affirmative defenses to that claim. *See, e.g., Gilliand v. Cornell Cos., Inc.*, No. H–07–1655, 2008 WL 4858353, at *15 (S.D. Tex. Nov. 10, 2008) (declining to address affirmative defenses to breach

3

of contract claim where claim failed as a matter of law).  Because Plaintiff has failed to carry her burden of proof under the LPLA,  the Court will not revisit Defendant's preemption arguments.

In this diversity case, the Court applies the Louisiana substantive law of products liability. *Johnston & Johnston v. Conseco Life Ins. Co.*, 732 F.3d 555, 562 (5th Cir. 2013).  Under Louisiana law, the LPLA provides the exclusive remedy against manufacturers in a products liability action. La. Rev. Stat. § 9:2800.52.  A *prima facie* case under the LPLA has four elements.  *See Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 260–61 (5th Cir. 2002).  A plaintiff must prove "that the defendant is a manufacturer of the product; (2) that the [plaintiff's] damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product 'unreasonably dangerous'; and (4) that the [plaintiff's] damage arose from a reasonably anticipated use of the product by the [plaintiff] or someone else." *Jack v. Alberto–Culver USA, Inc.*, 949 So. 2d 1256, 1258 (La. 2007).  A product is "unreasonably dangerous" for failure to provide an adequate warning—the theory of liability in this case—if "[1] the product possessed a characteristic that may cause damage and [2] the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product." *See Grenier v. Med. Eng'g Corp.*, 243 F.3d 200, 205 (5th Cir. 2001) (alterations in original); La. Rev. Stat. § 9:2800.57A.  The plaintiff bears the burden of proof on all elements. La.Rev.Stat. § 9:2800.54(D).

Assuming *arguendo* Children's Motrin was unreasonably dangerous for failure to provide an adequate warning, no reasonable jury could find that Plaintiff has established causation.  Under

4

the LPLA, a plaintiff must prove both causation in fact and that the product defect was the most probable cause of his injury. *Wheat v. Pfizer, Inc.*, 31 F.3d 340, 342 (5th Cir. 1994). "Cause in fact is generally a 'but for' inquiry." *Robert v. Benoit*, 605 So. 2d 1032, 1042 (La. 1991). A court inquires whether the plaintiff would not have been injured but-for the defendant's substandard conduct. *See Fowler v. Roberts*, 556 So. 2d 1, 5 (La. 1989). Modified to fit the contours of this case, Plaintiff must prove that but-for the inadequate warning, she would not have administered Children's Motrin at all or in the manner she did, and thus M.H. would not have been injured. *See Peart v. Dorel Juvenile Grp., Inc.*, 456 F. App'x 446, 448 (5th Cir. 2012); *McDaniel v. Terex, USA, LLC*, 466 F. App'x 365, 377 (5th Cir. 2012); *Broussard v. Procter & Gamble Co.*, 463 F. Supp. 2d 596, 610 (W.D. La. 2006). On this issue, the trial record points "strongly and overwhelmingly" in favor of Defendant. *See X. Techs., Inc. v. Marvin Test Sys.*, 719 F.3d 406, 411 (5th Cir. 2013).

The sole evidence presented in support of causation is the following exchange between Plaintiff and her counsel:

> **Q**: What would you have liked to have known about what Children's Motrin has as side effects?
> **A**: As a mother, I would like to have known that my child was going to lose all her skin; that she was going to be burned. I would like to have known that she would end up in a burn unit for weeks. I would have liked to know – and any mother would want to know, I don't care who it is -- would want the [sic] know the severity of what happened to my child. It was not noticed on that bottle. It didn't tell me that. It did not tell me that your child could end up blind. That she could, you know – [objection overruled] It did not tell me that, you know, your child would end up in a burn unit. It did not tell

5

>me that she could end up blind. It did not – redness, rashing, that's minor to what Mya went through. That is nothing to what my child endured. Nothing.
>**Q**: Did you see anything in this warning about mucous membrane damage?
>**A**: No.
>**Q**: Did you see anything in the warning about possible side effects of Stevens-Johnson syndrome or TEN?
>**A**: No.

In hindsight, Plaintiff understandably would have liked to know the injuries M.H. would later suffer. But Plaintiff did not testify that a different warning label would have changed her decision to administer Children's Motrin to M.H., nor was she ever asked questions to this effect by counsel.[4] To the contrary, Plaintiff explained that she trusted Children's Motrin, that she had been using it for years on her three minor children, and that none of her children had ever suffered an adverse reaction until M.H.'s injuries in 2010. Plaintiff also acknowledged that her trusted family pediatrician recommended ibuprofen for use with children. Furthermore, Plaintiff did not present evidence that a different warning would have caused her to administer Children's Motrin in a way that would have avoided M.H's injuries.[5]

---

[4] Thus, Plaintiff's testimony that she always read the warning label before administering non-prescription drugs to her children carries little weight.

[5] Indeed, it would have been impossible to present such evidence. Assuming Children's Motrin caused M.H.'s injuries, there is no way the drug could have been safely administered. The evidence presented at trial established that by the time the prodromal symptoms of SJS/TEN manifested, *e.g.*, rashes and blistering, the disease was already underway. Thus, the dispositive inquiry is whether a different label would have caused Plaintiff not to administer Children's Motrin to M.H. in the first place.

In support of her causation argument, Plaintiff also points to "McNeil's admissions that strong warnings hurt sales[,] and the uncontroverted evidence that Children's Motrin is not a live-saving drug but that the active ingredient in Children's Motrin can cause TEN, a life-threatening disease." (R. Doc. 493 at p. 11).  This evidence is not probative whatsoever of whether a different warning label would have caused Plaintiff not to administer Children's Motrin to M.H.—the gravamen of the causation inquiry.

## CONCLUSION

M.H. undoubtedly suffered horrific injury.  Unfortunately, Plaintiff has failed to establish a conflict of substantial evidence for an essential element of her claim. Having reviewed the trial record in its entirety, the Court concludes there is no legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on the issue of causation.  Accordingly, judgment will be entered in favor of Defendant.

New Orleans, Louisiana, this 5th day of May, 2014.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE